

Jeffrey Spiegel
77 Water Street, Suite 2100
New York, New York 10005
Jeffrey.Spiegel@lewisbrisbois.com
Direct: 646.783.1703

June 7, 2021

**VIA ECF**
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4B South
Brooklyn, New York 11201

    Re:   *Carolina Hospitality Grp. 2010 LLC v. Wischermann Partners, Inc.*
           Case No. 1:21-cv-00496-DG-LB

Dear Judge Gujarati:

    We represent Defendant Wischermann Partners, Inc. in this matter, and submit this letter in accordance with Part III.A of Your Honor's Individual Rules in lieu of a responsive pleading to request a pre-motion conference to proceed with filing a motion (a) pursuant to Rule 12(b)(6) to dismiss, and (b) pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Western District Court of North Carolina.

**I.**    **Background**

    On December 4, 2020, Plaintiff filed a Summons with Notice in New York Supreme Court, Kings County, Index No. 524171/2020. On January 29, 2021, Defendant removed the case to this Court based on diversity of citizenship, and on May 25, 2021, Plaintiff filed its Amended Complaint.[1] (Dkt. No. 18) According to the pleading, on or about April 12, 2013, the parties entered into a management agreement (the "Agreement") whereby Defendant was to operate and manage Plaintiff's hotel located in North Carolina, and was to establish its employment policies. The Agreement contains a Governing Law provision, Article 23.2, and any dispute between the parties should be governed by North Carolina law.[2] The Amended

---

[1] Plaintiff filed the Amended Complaint in response to Defendant's request for a pre-motion conference to file a Rule 12(b)(6) motion to dismiss as to the original pleading. (Dkt. Nos. 13, 17)

[2] Neither the Agreement nor the IRS letters referenced in the Amended Complaint are attached to the pleading. For brevity they are also not attached here, but both will be attached to the motion if the Court grants this filing. Defendant's reliance of the documents for a Rule 12(b) motion is proper since they are integral to the Complaint. *Chambers v Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002).

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
4850-8747-2877.1

June 7, 2021
Page 2

Complaint alleges that following the termination of the Agreement, Plaintiff was served "IRS Demands" for which it was assessed an "Employer Shared Responsibility Payment". Plaintiff claims that these amounts were owed due to Defendant's failures, and asserts causes of action sound in: (1) Breach of Contract – Indemnification, (2) violations of the Unfair and Deceptive Trade Practices Act – N.C. Gen. Stat. § 75-1, *et seq*. ( "UDTPA"), and (3) Breach of Fiduciary Duty.

**II.    The Court should dismiss the pleading under Rule 12(b)(6) as Plaintiff fails to state a claim for which relief can be granted.**

The Amended Compliant fails for several distinct reasons. *First*, the Agreement contains a "Limitation of Claims" provision at Article 23.25, which bars any claim or cause of action with respect to the Agreement within one year following the effective date of expiration or termination, except for those matter brought pursuant to the indemnification clause in Article 13 and an insurance coverage obligation in Article 12. Under Article 2.1, the Agreement expired on December 31, 2018,[3] and Plaintiff had one year from that date to bring its UDTPA and breach of fiduciary duty claims. North Carolina courts have consistently upheld contractual provisions limiting the time period for bringing an action on a contract where a statute does not prohibit a shorter limitations period. *See Provectus Biopharmaceuticals, Inc. v. RSM US LLP*, Case No. 10396, 2018 NCBC LEXIS 101, *13-14 (Super. Ct. Sept. 28, 2018) (collecting cases); *see Steele v. Safeco Ins. Co. of Am.*, Case No. COA12-266, 2012 N.C. App. LEXIS 1274, at *7-8 (Ct. App. Nov. 20, 2012) (holding that UDTPA claims can be subject to a one year contractual limitations period.) Therefore, Counts 2 (UDTPA) and 3 (breach of fiduciary duty) are time-barred and should be dismissed.

As to Count 1, Breach of Contract - Indemnification, Plaintiff attempts to invoke the indemnification provision of Article 13.3, which states that the Defendant "agrees to indemnify and hold harmless [Plaintiff]… against and from all costs and expenses… due to any Claims that are directly caused by a breach of Agreement by [Defendant], or by [Defendant's] gross negligence or willful misconduct." "Claims" is defined under Article 13.1, as "claims, causes of action, investigations, administrative proceedings and demands".

Here, the "IRS demands" which form the basis of the Amended Complaint are not Claims as defined by the Agreement. The documents themselves reveal that they are mere notices of tax obligations owed by Plaintiff, and contradict any claim that they are "demands". There is also no allegation to support any claims of willful misconduct or gross negligence, which would require Plaintiff to show wanton conduct done with conscious or reckless disregard for the rights and safety of others. *Yancey v. Lea*, 354 N.C. 48, 52 (2001). Therefore, Count 1 is also subject to the one year limitation period of Article 23.25 and should also be dismissed.

---

[3] Defendant contends that it terminated the Agreement on or about April 25, 2017. Since proving that would require affidavit evidence that may not be properly submitted on the planned 12(b) motion, Defendant shall rely on the expiration date within the Agreement.

June 7, 2021
Page 3

*Second*, Counts 2 and 3 are insufficiently pleaded. As to its UDTPA claim, Plaintiff's allegations amount to nothing more than a restatement of its breach of contract claim, essentially alleging that Defendant failed to live up to its responsibilities under the Agreement. A breach of contract, even if intentional, is insufficient to sustain a claim under the UDTPA, as a party must also show substantial aggravating circumstances. *Southeastern Shelter Corp. v. Btu, Inc.*, 154 N.C. App. 321, 330 (Ct. App. 2002). As for the breach of fiduciary duty claim, Plaintiff does not allege the required fiduciary relationship between the parties, or the existence of dominion or control as required under the law. *See Kaplan v. O.K. Techs., L.L.C.*, 196 N.C. App. 469, 472-76 (Ct. App. 2009). For these independent reasons, the Amended Complaint should be dismissed with prejudice and fees should be awarded pursuant to Article 23.14.

### III.   The Agreement contains a forum selection clause of North Carolina. Therefore the Complaint should be transferred for improper venue.

Although Defendants argue that no claims should survive its 12(b) motion, if any claim were to survive, the Court should transfer the action under 28 U.S.C. Section 1404(a). The Agreement contains a forum selection clause, Article 23.3, which expressly provides that jurisdiction lies in North Carolina:

> Venue and Jurisdiction. Owner and Manager agree that all claims, disputes, or controversies whatsoever, arising out of or related to this Agreement in any way, must be commenced filed and litigated before the state and federal courts located in Mecklenburg County, North Carolina.

As the Supreme Court has made clear, forum-selection provisions should be enforced and transfer motions based on such provisions should be granted "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013); *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) ("A forum selection clause is considered mandatory where: (1) it confers exclusive jurisdiction on the designated forum or (2) incorporates obligatory venue language.")

Here, the language of the clause clearly confers exclusive and obligatory jurisdiction on the North Carolina courts. Two corporate entities entered into the Agreement setting forth this mandatory location to adjudicate disputes, and there is no reason to indicate that it is unreasonable or unjust. The language of this forum selection clause mandates that it be adhered to, and the Court should transfer this action as New York is not the proper venue. Transfer should be to the Western District of North Carolina because Mecklenburg County, North Carolina is within that district.

June 7, 2021
Page 4

      For the foregoing reasons, Defendant respectfully requests that its application for a pre-motion conference be granted. We thank the Court for its time and consideration in this matter.

      Respectfully,

      /s/ *Jeffrey Spiegel*

      JEFFREY SPIEGEL of
      LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    All Counsel of Record (via ECF)